IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01118-BNB

THERESA L. DOWLING,

    Plaintiff,

v.

STURGEON ELECTRIC,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 7 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED TITLE VII COMPLAINT

---

Plaintiff, Theresa L. Dowling, initiated this action by filing a *pro se* Title VII complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. In an order filed on May 14, 2010, Magistrate Judge Craig B. Shaffer directed the Clerk of the Court to commence a civil action and directed Plaintiff to cure certain deficiencies if she wished to pursue her claims.

Specifically, Magistrate Judge Shaffer ordered Ms. Dowling, within thirty days, to submit a completed § 1915 motion and affidavit with her notarized signature. On June 10, 2010, Ms. Dowling submitted a completed § 1915 motion and affidavit with her notarized signature. On June 14, 2010, the Court entered an order granting Ms. Dowling leave to proceed *in forma pauperis*.

The Court must construe liberally Ms. Dowling's Complaint because she is a *pro se* litigant. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). For the reasons stated below, Ms. Dowling will be ordered to file an Amended Complaint.

Having reviewed the Title VII Complaint, the Court finds that it is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In the Complaint, Ms. Dowling asserts one claim, alleging that she was sexually violated by employees of Defendant. Her claim is vague and lacks supporting allegations. However, on May 14, 2010, Ms. Dowling filed a ten-page, single-spaced

2

letter to the Court. Ms. Dowling appears to request that the letter be attached to her Complaint, as the letter contains numerous allegations related to discrimination by Defendant Sturgeon Electric. Ms. Dowling apparently expects the Court and the defendant to speculate what claims she wants to allege. That is not a judicial function, nor is it the responsibility of the defendant. It is Ms. Dowling's job to present her claims in a manageable format that allows the Court and the defendant to know what claims are being asserted and to be able to respond to those claims. Ms. Dowling must allege, simply and concisely, her specific claims for relief. She may attach documents to the amended Title VII complaint, but she may not rely solely on those documents to present her claims.

The Court, therefore, will direct Ms. Dowling to file an amended complaint on a Title VII Court-approved form that sets forth her claims in a simple and concise manner. Ms. Dowling is instructed to complete the form in full. She is further directed to attach to the Complaint a copy of the right-to-sue letter she received from the EEOC if she received such a letter. Accordingly, it is

ORDERED that, **within thirty days from the date of this order**, Ms. Dowling file an amended Title VII complaint that complies with this order and with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Plaintiff, together with a copy of this order, two copies of the Court-approved Title VII complaint form to be used in filing the amended Title VII complaint. It is

3

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an amended Title VII complaint that complies with this order to the Court's satisfaction, the Title VII complaint and the action will be dismissed without further notice.

DATED June 17, 2010, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01118-BNB

Theresa L. Dowling
13764 W. 84th Ave.
Arvada, CO 80005

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint** to the above-named individuals on 6|7|10

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk