# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| **Civil Action No.** 10-cv-01118-REB-KMT | FTR - Courtroom C-201 |
| **Date:** May 11, 2011 | Deputy Clerk, Nick Richards |
| | |
| THERESA L. DOWLING, | Pro Se |
| Plaintiff, | |
| v. | |
| STURGEON ELECTRIC (MYR GROUP), | Danielle S. Urban |
| WILLIAM LONG, and | Todd Arthur Fredrickson |
| WILLIAM FREDRICKS, | |
| Defendants. | |

## COURTROOM MINUTES / MINUTE ORDER

**MOTION HEARING**
**Court in session: 9:31 a.m.**
Court calls case.  Appearances of counsel.

Motion Hearing is called in regard to Defendants' Motion to Compel Plaintiff's Responses to Interrogatories and Requests for Production [Doc. No. 63, filed March 17, 2011].

It is **ORDERED**: Motion to Compel [63] is **GRANTED** with respect to Interrogatories 2, 3, 4, 5, 6, 7, 8, 10, 11, 13, 14, 15, and 16. The motion is **DENIED** with respect to Interrogatory #12.  As to Interrogatory #15, the motion is granted in that Ms. Dowling will only respond to inquiries regarding bankruptcy proceedings subsequent to her separation from Sturgeon Electric and any convictions at any time for crimes involving dishonesty.

Plaintiff will respond to Requests for Production 1, 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 19, and will supplement responses to Requests for Production 3, 4, 5, 17, and 18.  As to Request for Production #18, plaintiff will only respond regarding bankruptcy proceedings and any convictions for crimes involving dishonesty.

It is **ORDERED**:   For each Interrogatory and Request for Production in which a response or supplementation is required, Ms. Dowling will submit responses under oath to defense counsel on or before **May 18, 2011**.

It is **ORDERED**:   Defendant's request for sanctions under Fed.R.Civ.P. 37(a)(4)(A) is **DENIED**.  The court finds Ms. Dowling to be cooperative in her appearances and believes she will provide the necessary responses to defense counsel on or before May 18, 2011. Circumstances make an award of sanctions unjust at this time.

Discussion regarding the location of future depositions. Plaintiff shall be allowed to conduct two (2) properly noticed depositions in the Court's jury deliberation room, however advance notice must be given to the Court's chambers and the dates for the use of the room cleared.  The court refuses to intervene in the choice of location to be made by the defendants respecting their taking of the plaintiff's deposition.  The court understands that the deposition will take place, after proper notice, at the law offices of counsel for defense.

The Court has informed Ms. Dowling of the criteria under *Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)* and fully advised her as to the consequences associated with failure to fully comply in good faith with discovery obligations in the future.

**Court in Recess: 11:45 a.m.**
Hearing concluded.
Total In-Court Time    02:14

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.