IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01118–REB–KMT

THERESA L. DOWLING,

    Plaintiff,

v.

STURGEON ELECTRIC (MYR GROUP),
WILLIAM LONG, and
WILLIAM FREDRICKS

    Defendants.

---

## ORDER

---

This matter is before the court on "Plaintiff's Request for a Hearing and Motion for Reconsideration of the Partially Opposed Motion to Continue/Postpone Discovery Cut-Off Until August 16, 2011 (45 days)" ("Mot. for Reconsideration") [Doc. No. 86, filed June 30, 2011] and her "Motion to Amend/Correct/Modify Plaintiff's Request for a Hearing and Motion for Reconsideration of the Partially Opposed Motion to Continue/Postpone Discovery Cut-Off Until August 16, 2011 (45 days)"[1] [Doc. No. 90, filed June 30, 2011]. Defendants filed "Defendants' Response to Plaintiff's Request for a Hearing and Motion for Reconsideration of the Court's Minute Order Dated June 16, 2011 [No. 84]" on July 5, 2011. [Doc. No. 96.] On July 6, 2011,

---

[1] This document is docketed as a supplement to Doc. No. 86 rather than a separate motion.

"Plaintiff's Answer to Defendant's Response to Plaintiff's Request for a Hearing and Motion for Reconsideration of the Court's Minute Order Dated June 16, 2011 (No. 84)" was filed.[2] [Doc. No. 98.]

Plaintiff's reconsideration request and supplement assail the court's ruling denying a continuance of discovery following a hearing on June 20, 2011. [Doc. No. 84.] Attached to her Motion for Reconsideration, Plaintiff submits medical records concerning **one** trip she made to the Denver Health Emergency Room complaining of ankle and hamstring pain on April 15, 2011. [Mot., Attach Doc. No. 86-6 through 86-8.] For this affliction, the Denver Health medical professionals prescribed continued ibuprofen and a three day regimen of Valium. There are no medical records evidencing any other medical issues or problems or treatment on any other than that one date. Therefore, the "new" evidence presented is that for a total of four days during the entire discovery period, Plaintiff may have been unable to work on her case as a result of pain in her hamstring.

Plaintiff also attached to the Motion for Reconsideration a letter to the court which consisted of continued argument that she has been in pain and could not complete her discovery obligations as a result. [Doc. No. 86-10] This information is no different in either kind or quality than what she presented at the June 20th hearing. In fact, in her 'letter,' the Plaintiff

---

[2] The plaintiff also filed a compact disk with the court apparently evidencing agreement of opposing counsel at on unknown date to agree to a continuance for good cause shown. [*See* docket entry no. 99 regarding conventionally filed evidence. The court considers this information irrelevant and therefore does not consider this evidence.

specifically states, "I never thought you would not grant a continuance of this kind and if I had **I would have done what I had to do to not have requested it.**" *Id*. at 3 (emphasis added).

Plaintiff had asked for and been granted multiple continuances of the discovery period. On June 20, 2011, the court concluded that Plaintiff was simply not doing what was required of her as a Plaintiff in a federal case and that another continuance was unlikely to result in sufficiently changed behavior on her part. Nothing in Plaintiff's recent submissions has changed the court's opinion in that regard.

Further, the case is set for a final pretrial conference on October 6, 2011 at 9:30 a.m. before this Magistrate Judge court and is set for trial before District Judge Robert E. Blackburn on November 28, 2011 at 8:30 a.m.

Therefore, it is ORDERED

"Plaintiff's Request for a Hearing and Motion for Reconsideration of the Partially Opposed Motion to Continue/Postpone Discovery Cut-Off Until August 16, 2011 (45 days)" [Doc. No. 86] is DENIED.

Dated this 8th day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge