IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01118–REB–KMT

THERESA L. DOWLING,

    Plaintiff,

v.

STURGEON ELECTRIC (MYR GROUP),
WILLIAM LONG, and
WILLIAM FREDRICKS,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's "Opposed Motion to Compel." (Doc. No. 158, filed Nov. 2, 2011 [Mot.].) In her Motion, Plaintiff, who is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, seeks an order requiring Defendants to provide her with a copy, at their expense, of both "a video and transcript of the deposition." (Mot. at 1.) It is not clear whose deposition Plaintiff refers to in her Motion.

    Even though Plaintiff is an indigent litigant, her obligations to finance her own litigation expenses cannot be arbitrarily thrust upon defendants. "[A] defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay such expenses. Indeed such a rule would in effect force defendants to finance much of their indigent adversary's trial preparation regardless of the outcome of the case." *Doe*

*v. United States of America*, 112 F.R.D. 183, 184–85 (S.D.N.Y. 1986); *see also e.g.,* 28 U.S.C. § 1902(2); *Tabron v. Grace*, 6 F.3d 147, 158–60 (3d Cir. 1993); *Badman v. Stark*, 139 F.R.D. 601, 605–06 (M.D. Pa. 1991)("[a] defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees").

Indeed, in *Tabron*, the court acknowledged that a district court, as part of its "inherent equitable powers" in supervising discovery, maintains the "discretion to order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions," the ruling did not upset the lower court's decision that it was unnecessary in that case. *Tabron*, 6 F.3d at 159. Significantly, the plaintiff "attended and participated in all of the depositions and therefore was able to take notes and compile information from the live testimony." *Id.* The Third Circuit found that this consideration, coupled with the fact that plaintiff offered no viable reason for the necessity of the transcripts, was sufficient reason to deny plaintiff's request that defendants provide gratuitous copies of the deposition transcripts, in light of the general rule that "indigent litigants bear their own litigation expenses." *Id.*

Plaintiff has even failed to inform the court whose deposition she seeks a transcript and video of. Assuming it is Plaintiff's deposition, she was the party deposed, and she is the most knowledgeable about her own testimony. Additionally, other than the fact that Plaintiff is indigent and her conclusory statement that she "obviously would be prejudiced to proceed without" a video and transcript of her deposition (Mot. 1-2), Plaintiff has failed to give a viable reason a copy of her transcript is necessary, much less a video thereof.

Accordingly, Plaintiff's "Opposed Motion to Compel (Doc. No. 158) is DENIED.

Dated this 3rd day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge