IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01118–REB–KMT

THERESA L. DOWLING,

    Plaintiff,

v.

STURGEON ELECTRIC (MYR GROUP),
WILLIAM LONG, and
WILLIAM FREDRICKS,

    Defendants.

---

## ORDER

---

This matter is before the court on Plaintiff's "Motion to Reconsider Plaintiff's Motion to Compel." (Doc. No. 164, filed Nov. 3, 2011.) In her Motion, Plaintiff seeks to have to court reconsider its order (Doc. No. 161, filed Nov. 3, 2011) declining to require Defendant to provide Plaintiff with both a video and transcript copy her deposition.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment; Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* Plaintiff filed her

Motion the same day as the court's order denying her "Opposed Motion to Compel" (Doc. No. 158, filed November 2, 2011). Therefore, the court will consider Plaintiff's request for review pursuant to Rule 59(e). *See id.*

There are three major grounds that justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff does not address these grounds and none apply.

Instead, Plaintiff merely attempts to reargue her original motion by now asserting that she does not have notes from her deposition, nor a recording thereof, because she stopped taking notes after Defendants' counsel apparently demanded to see her notes and demanded that she not attempt to record the ongoing deposition. This evidence was available to Plaintiff when she filed her original Motion to Compel. In any event, it does not change the fact that Plaintiff herself was the deponent and, therefore, should be quite familiar with the substance of her deposition testimony. As such, the court finds that Plaintiff can adequately respond to the court's Recommendation (Doc. No. 143, filed Oct. 25, 2011) without a transcript, much less a video, of her deposition, and therefore declines to upset the general rule that even "indigent litigants

[must] bear their own litigation expenses." *Tabron v. Grace,* 6 F.3d 147, 158-60 (3d Cir. 1993).

Therefore, it is

ORDERED that Plaintiff's "Motion to Reconsider Plaintiff's Motion to Compel." (Doc. No. 164) is DENIED.

Dated this 7th day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge