**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01118-REB-KMT

THERESA L. DOWLING,

    Plaintiff,

v.

STURGEON ELECTRIC,
WILLIAM LONG, and
WILLIAM FREDRICKS,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) **Defendants' Motion for Summary Judgment** [#107][1] filed August 1, 2011; and (2) the **Recommendation of United States Magistrate Judge** [#143] filed October 25, 2011. The plaintiff did not file a response to the motion for summary judgment. However, the plaintiff filed objections [#169] to the recommendation. The defendants filed a response [#171] to the objections. I overrule the plaintiff's objections, approve and adopt the magistrate judge's recommendation, and grant the defendants' motion for summary judgment.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the

---

[1] "[#107]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

recommendation, objections, and applicable caselaw.

Moreover, because plaintiff is proceeding *pro se*, I have construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, I have not acted as an advocate for the plaintiff.

The recommendation is detailed and well-reasoned. Contrastingly, the plaintiff's objections are imponderous and without merit.

In her complaint the plaintiff asserts claims under Title VII for gender discrimination, retaliation, and hostile work environment. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17. She asserts also claims under state law. As detailed by the magistrate judge, the defendants established in their motion for summary judgment that there is no genuine issue of material fact concerning the plaintiff's Title VII claims, and that, thus, the defendants are entitled to judgment as a matter of law on those federal law claims.

Nothing in the plaintiff's objections [#169] or in the plaintiff's subsequent filings[2] indicates that there is a genuine issue of material fact concerning the plaintiff's Title VII claims. I too conclude that the defendants are entitled to judgment as a matter of law on these claims.

The magistrate judge recommends also that the court decline to exercise

---

[2] Including, but not limited to, the filings of the plaintiff docketed as [#172-195].

supplemental jurisdiction over the plaintiff's state law claims.  I concur with this recommendation.

I find and conclude ultimately that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted. Thus, I overrule the objections of the plaintiff and approve the recommendation of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#143] filed October 25, 2011, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That the objections stated in the plaintiff's **Objection To Report and Recommendations** [#169] filed November 8, 2011, are **OVERRULED**;

3.  That the **Defendants' Motion for Summary Judgment** [#107] filed August 1, 2011, is **GRANTED**;

4.  That the claims of the plaintiff under Title VII are **DISMISSED** with prejudice;

5.  That the court **DECLINES** to exercise supplemental jurisdiction and that, thus, the state law claims of the plaintiff are **DISMISSED** without prejudice;

6.  That **JUDGMENT SHALL ENTER** in favor of the defendants, Sturgeon Electric (MYR Group), William Long, and William Fredricks, against the plaintiff, Theresa L. Dowling;

7.  That the trial by jury set to begin on November 28, 2011, at 8:30 a.m., is **VACATED**; and

8.  That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated November 15, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge