**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01118-REB-KMT

THERESA L. DOWLING,

    Plaintiff,

v.

STURGEON ELECTRIC,
WILLIAM LONG, and
WILLIAM FREDRICKS,

    Defendants.

**ORDER DENYING RELIEF SOUGHT IN PLAINTIFF'S AMENDED OBJECTION**

**Blackburn, J.**

The matter before me is the plaintiff's **Amended Objection To the Report and Recommendation of the Magistrate Judge** [#202][1] filed November 17, 2011. Viewed in the alternative as either an objection to the recommendation of the magistrate judge or as a motion to reconsider, I deny the relief sought by the plaintiff.[2]

The chronology and sequence of relevant events is as follows. On October 25, 2011, the magistrate judge entered a recommendation [#143] in which she recommended that the defendants' motion for summary judgment be granted. On

---

[1] "[#202]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because plaintiff is proceeding pro se, I continue to construe her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519,520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, I have not acted as an advocate for the plaintiff.

November 8, 2011, the plaintiff filed an objection [#169] to the recommendation. On November 11 and 15, 2011, the plaintiff filed several exhibits [#172 - #195], ostensibly in support of her objection. On November 15, 2011, I entered an order [#197] overruling the objection [#169], adopting the recommendation of the magistrate judge, granting the defendants' motion for summary judgment, and dismissing this case. On November 17, 2011, the plaintiff filed her amended objection [#202]. Later the same day, judgment [#203] entered in favor of the defendants against the plaintiff.

The plaintiff's amended objection [#202] was filed on November 17, 2011, two days after the entry of my order adopting the recommendation and dismissing this case. The deadline for filing objections to the recommendation of the magistrate judge was never extended. In her original objection [#169] filed November 8, 2011, the plaintiff sought leave "to amend tomorrow." However, she did not file a motion for extension of the deadline to object or a motion to amend her objection. As noted in the recommendation of the magistrate judge, the plaintiff had fourteen days after service of the recommendation to file objections. The plaintiff's original objection [#169] was timely but her amended objection [#202] was not. Viewing the amended objection [#202] as an objection to the recommendation of the magistrate judge, I deny any relief sought in the amended objection because it was not timely filed.

Construed liberally, the plaintiff's amended objection might be read as a motion to reconsider my order [#197] adopting the recommendation, granting the defendants' motion for summary judgment, and dismissing this case. Even if I adopt such a liberal construction of the amended objection [#202], the plaintiff is not entitled to relief. The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). In her amended objection, the plaintiff offers nothing suggesting that any of these factors are implicated in this case. Thus, thee plaintiff's amended objection [#202], read as a motion to reconsider, is denied.

**THEREFORE, IT IS ORDERED** that any relief sought in the plaintiff's **Amended Objection To the Report and Recommendation of the Magistrate Judge** [#202] filed November 17, 2011, is **DENIED**.

Dated November 22, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge