**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01118-REB-KMT

THERESA L. DOWLING,

    Plaintiff,

v.

STURGEON ELECTRIC,
WILLIAM LONG, and
WILLIAM FREDRICKS,

    Defendants.

**ORDER DENYING MOTIONS FOR POST-JUDGMENT RELIEF**

**Blackburn, J.**

    This matter is before me on two motions filed by the plaintiff, which motions are captioned as follows: (1) **Motion for Relief From Judgment** [#232][1] filed December 19, 2011; and (2) **Motion To Vacate Judgment for Want of Prosecution** [#233] filed December 19, 2011. The defendants filed a response [#237] to the motion to vacate judgment. I deny both motions.

    The plaintiff is acting *pro se*. Therefore, I have construed her filings generously and with the leniency due *pro se* litigants. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).   Reading the plaintiff's two motions generously, I construe them as motions for post-judgment relief under FED. R. CIV. P. 59(e) or 60(b).

    Generally, the filing of a notice of appeal divests the district court of jurisdiction over the issues on appeal. ***Lancaster v. Independent School Dist. No. 5***, 149 F.3d 1228, 1237 (10th Cir. 1998). However, in limited circumstances a district court may deny a motion under Rules 59(e) or

---

[1] "[#232]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

60(b) on the merits even after the filing of a notice of appeal.  ***Warren v. American Bankers Ins. of Florida***, 507 F.3d 1239, 1244 (10th Cir. 2007) (Rule 59(e) motion); ***W.N.J. v. Yocom***, 257 F.3d 1171, 1172 - 73 n. 1 (10th Cir. 2001); ***Aldrich Enterprises, Inc. v. U.S.***, 938 F.2d 1134, 1143 (10th Cir.1991) (60(b)(2) motion).

"(A) Rule 59(e) motion is normally granted only to correct manifest errors of law or to present newly discovered evidence." ***Jennings v. Rivers***, 394 F.3d 850, 854 (10th Cir.2005) (internal quotation omitted).  In her present motions, the plaintiff has demonstrated neither a manifest error of law nor the need to present newly discovered evidence.

Rule 60(b) lists six bases on which a party may seek relief from a final judgment.  Having considered the plaintiff's motions, I find that she has not cited or circumstantiated any valid grounds for relief from judgment under Rule 60(b).

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for Relief From Judgment** [#232] filed December 19, 2011, is **DENIED**; and

2.  That the plaintiff's **Motion To Vacate Judgment for Want of Prosecution** [#233] filed December 19, 2011, is **DENIED**.

Dated January 10, 2012, at Denver, Colorado.

                        **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge